UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LARRY MURRAY                                            CIVIL ACTION

VERSUS

N. BURL CAIN ET AL.                              NO.: 15-00827-BAJ-EWD

## RULING AND ORDER

I. INTRODUCTION

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 13)** pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses the **Petition for Writ of Habeas Corpus (Doc. 1)** filed by Petitioner Larry Murray. The Magistrate Judge recommended that the Petition be denied. (Doc. 13 at p. 2).

Petitioner raises an ineffective assistance of counsel claim based on his state court trial counsel (1) not allowing Petitioner to testify and (2) failing to object to testimony that Petitioner alleges violated the Confrontation Clause. (Doc. 1-1). Petitioner also raises a prosecutorial misconduct claim, alleging that, during trial, the state solicited inadmissible testimony to imply that Petitioner threatened a witness. (*Id.*).

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact,

1

conclusions of law, and recommendations therein. (Doc. 13 at p. 1). Plaintiff filed objections into the record. (Doc. 14).

For the reasons stated herein, the Magistrate Judge's **Report and Recommendation (Doc. 13)** is **ADOPTED** as the Court's opinion herein. Accordingly, Plaintiff's **Petition for Writ of Habeas Corpus (Doc. 1)** is **DENIED**.

II. OBJECTIONS

   A.   **Pro Se Status**

Petitioner asserts that the Magistrate Judge erred because she held his petition to the standards of a professional attorney and instead, should have demonstrated more leniency. (Doc. 14 at p. 2). While a petitioner's status as a pro se litigant affords a liberal construction of his claims, the petitioner, as the party who bears the burden of proof, is not excused from offering evidence to support his claims. *Jones v. Director, TDCJ-CID*, 2017 WL 1170898, at *11 (E.D. Tex. Jan. 25, 2017) (citing *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990)). After a review of the record, the Court is satisfied with the Magistrate Judge conclusion that the evidence does not support Plaintiff's request for habeas relief.

   B.   **Lack of Evidentiary Hearing**

Petitioner objects to the Magistrate Judge's refusal to hold an evidentiary hearing. (Doc. 14 at p. 3). "When the district court has sufficient facts before it to make an informed decision on the merits of the habeas petitioner's claim, it does not abuse its discretion in failing to conduct an evidentiary hearing." *Gallegos v. Quarterman*, 265 Fed. Appx. 300, 303 (5th Cir. 2008). A district court has the

discretion to grant or deny an evidentiary hearing. *Id.* The Magistrate Judge based her conclusions on a thorough review of the record, which included Petitioner's petition for habeas relief, the state court record, including the trial transcript, and the appellate record. Moreover, Petitioner does not identify any additional evidence he would have presented at a hearing to support his habeas claims. Accordingly, the Court is satisfied with the Magistrate Judge's decision to refuse an evidentiary hearing.

### C. Confrontation Clause Harmless Error Analysis

Petitioner objects to the Magistrate Judge's conclusion his trial counsel's failure to protect his Confrontation Clause rights was harmless error. (Doc. 14 at p. 3). Petitioner asserts that Confrontation Clause errors are not subject to a harmless error analysis. (*Id.*) The Court finds no basis for this argument in the law. *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986) (holding that Confrontation Clause errors are subject to a harmless error standard).

### D. Prosecutorial Misconduct

Petitioner objects to the Magistrate Judge's conclusion that the prejudicial effect of any prosecutorial misconduct during Petitioner's trial was insubstantial. (Doc. 14 at p. 3). The Court is satisfied with the Magistrate Judge's detailed analysis of the of the law and facts regarding this issue and finds no need to modify the conclusion. (Doc. 13 at pp. 15-18).

## III. CONCLUSION

Having carefully considered the underlying Petition and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts the findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 13)**, is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that **Petition for Writ of Habeas Corpus (Doc. 1)** is **DENIED** and that this proceeding is **DISMISSED, WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, in the event the Petitioner seeks to pursue an appeal, a certificate of appealability is **DENIED**.

Baton Rouge, Louisiana, this 28th day of March, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**